STATE, DEFENDANT IN ERROR, v. SAMUEL COHEN ET UX., PLAINTIFFS IN ERROR.

Argued January 20, 1922—Decided April 13, 1922.

1.  Whenever a statement, made by a party to a suit, concerning a given matter is put in evidence, the opposing party is entitled to have all that was then said in relation to that matter laid before the jury; but the door is not thereby opened for the introduction of what was said in relation to an entirely different and unconnected matter, although in the same conversation.

2.  Where there is nothing in the record to indicate that counsel has delayed his objection to a question until it has been answered for the purpose of speculating on the answer, and where the trial judge treats the objection as timely and calling for a ruling, which he makes, the judicial action, in admitting the testimony, or in refusing to strike it out, brings the matter within the purview of section 136 of the Criminal Procedure act, as to the effect of the erroneous admissions or rejection of testimony, and does not constitute a ground for reversal.

---

On error to the Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiffs in error, *Julius Lichtenstein* and *J. Emil Walscheid*.

For the state, *Pierre P. Garven*, prosecutor of the pleas, and *George T. Vickers*, assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs in error were indicted under section 126 of the Crimes act (*Comp. Stat., p.* 1786) for willfully and maliciously setting fire to and burning certain goods and chattels contained in a store, in the town of Union, where they carried on business, with intent to prejudice, injure and defraud certain insurance companies specifically named in the indictment, and which had underwritten certain policies of insurance upon that property. At the close of the trial the jury returned a verdict finding the defendants "guilty of burning to defraud insurance companies," and judgment was pronounced against them. They thereupon sued out this writ of error, and now contend before us that the judgment of conviction should be reversed for certain reasons which will hereafter be considered.

It will be observed that the verdict does not find the defendants guilty of burning with intent to defraud the several insurance companies named in the indictment, and which had underwritten policies of insurance upon the property which had been destroyed, but "insurance companies" generally. It is, of course, manifest that this verdict is at least informal; but whether it is subject to amendment so as to make it conform to the specific charge in the indictment, or whether it is unamendable and constitutes harmful error, we are not called upon to consider, for the reason that no assignment of error or specification of cause of reversal is based upon this imperfection in the record. We have deemed it proper, however, to call attention to the situation, for a reason which will hereinafter appear.

The first ground upon which the plaintiffs in error contend that this judgment should be reversed is that the evidence adduced at the trial was insufficient to establish their guilt beyond a reasonable doubt, and that, this being so, it was error on the part of the trial court to refuse to direct a verdict in their favor. It was pointed out by the Court of Errors and Appeals, in *State* v. *Juggers*, 71 *N. J. L.* 281, that when a case comes up on a strict bill of exceptions error cannot be properly assigned on an exception to the refusal of the trial court to direct a verdict of not guilty, for the reason that the motion is addressed to the discretion of the court. The present case, however, comes up under the one hundred and thirty-sixth section of the Criminal Procedure act, and we are required by it to determine whether the plaintiffs in error suffered manifest wrong or injury in the refusal of the motion, notwithstanding that it was directed to the discretion of the court. *State* v. *Contarino*, 92 *Id.* 381. But in doing this, as was pointed out in the cited case, the only question is whether, upon the evidence as it stood when the motion was made, there was a case for the jury; and an examination of the proofs returned with the writ satisfies us that there was such a case, and that consequently the action of the trial court in refusing a direction did no manifest wrong or injury to the plaintiffs in error.

The other assignments of error and specifications of causes of reversal are directed at alleged errors in the charge to the jury and in rulings upon evidence. So far as the charge is concerned, our examination thereof leads us to the conclusion that the excerpts therefrom which are attacked by the plaintiffs in error contain no erroneous statement of the law or recital of fact.

The rulings on evidence were legally unobjectionable, with one exception, and that relates to the testimony of John H. Shuster, an insurance adjuster, who was called as a witness for the defence. On his direct examination the witness testified that he had been employed by Samuel Cohen to make an appraisal of the value of the stock in the store which had been injured or destroyed by the fire, and to arrange an adjustment

of the losses with the various companies that had issued policies of insurance upon that stock. He further testified that he advised Mr. Cohen with relation to the procedure which must be followed by him in order to obtain a settlement of his losses from the insurance companies. Upon his cross-examination he was asked the following question.: "Did he say anything about having made some money on some other fire?" and he answered, "Yes." The next question was, "What did he say?" and the answer was, "He told me he had a fire in Trenton." At that point defendants' counsel interposed an objection on the ground that the testimony was incompetent, irrelevant and immaterial, and moved that the questions and answers be stricken out for that reason, stating that his failure to interpose an objection at the time the questions were asked was because they were put in such a way that he could not hear them. The court overruled the objection, refused to strike out the questions and answers, and permitted the prosecutor of the pleas to follow this line of cross-examination up, and to obtain from the witness a statement that Cohen had told him that he had had a fire in Trenton and came out ahead $3,000 after he had had a sale. The trial court justified its ruling upon the ground that the plaintiffs in error had undertaken to introduce in evidence a part of a conversation had between the witness and Cohen, and that for this reason the whole conversation was a proper subject of inquiry.

It is conceded on behalf of the state that it would have been incompetent to have introduced proof of this earlier fire as a substantive part of the state's affirmative case. It was so held by this court in *State v. Raymond*, 53 *N. J. L.* 260; and the rule there laid down has been consistently followed by our courts whenever the question has since arisen. But it is argued that the rule is not applicable when the proof is furnished by the recital of a portion of a conversation between the defendant and a witness, some part of which has already been put in evidence by the defendant himself. In other words, the contention is that the ground stated by the trial court as the basis of its ruling was sound.

It is undoubtedly the general rule that whenever the statement of a party is put in evidence, all that was said by him at the same time and upon the same subject-matter is admissible; and that the whole of it should be taken and considered together. But, as was said by the court in *Commonwealth* v. *Keyes,* 11 *Gray* 323, 325, "there is an important limitation to the rule, in giving evidence of conversations or of oral statements and declarations. The proof in such case is to be confined to what was said upon or concerning those matters which are made subjects of inquiry or investigation. Every remark or observation made upon those topics is to be received as competent evidence, because they may essentially modify the character and purport of the whole conversation, and vitally affect what might otherwise appear to be explicitly asserted or denied. But if, during the same interview between the witness and the party, other subjects of conversation are introduced, remote and distinct from that which is the object of inquiry or investigation, it is obvious that whatever may be said concerning them can have no tendency to illustrate, vary or explain it. Everything pertaining to these additional and extraneous matters should therefore be rejected as irrelevant and useless." Concretely stated, the rule applicable to the matter in hand is that, when a conversation upon a given matter is put in evidence, the opposing party is entitled to have all that was then said in relation to that matter laid before the jury; but the door is not thereby opened for the introduction of what was said in relation to an entirely different and unconnected matter, although in the same conversation. This limitation upon the general rule has not been universally adopted, but it is generally followed both in the courts of England and in those of our sister states. *Wigm. Ev.,* § 2113 *et seq.;* 16 *C. J.* 571, and cases cited. We are content to adopt a limitation upon the rule, which has met with general approval, and conclude that the testimony objected to was erroneously admitted. That it was harmful to the plaintiffs in error is apparent, for it left the jury to infer that if the plaintiffs in error were benefited by the destruction of the

property in Trenton and on that account had set fire to it, then they probably anticipated that they would be benefited by the destruction of the property which was the subject-matter of the indictment, and on that account probably in-.tentionally set fire to it also.   *State* v. *Raymond, supra.*

It is to be noted that the questions which called forth the incompetent testimony were not objected to when put; and some of our earlier decisions are to the effect that, under ordinary conditions, an objection not interposed until after the question is answered comes too late; but this rule of evidence has been, to some extent at least, abrogated by the decision of the Court of Errors and Appeals in *State* v. *Young,* 93 *N. J. L.* 396.   It is there held that where there is nothing in the record to indicate that counsel for the defendant delayed his objection for the purpose of speculating on the answer, and where the trial judge treats the objection as timely and calling for a ruling, which he makes, the judicial action in admitting the testimony, or in refusing to strike it out (as was the fact in the present case), brings the matter within the purview of section 136 of the Criminal Procedure act, as to the effect of the erroneous admission or rejection of testimony.   That decision is, of course, binding upon this court, and is directly · applicable to the case at bar.

The judgment under review will be reversed and the record remitted for a new trial.